# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 511 | **DATE** | 9/24/2003 |
| **CASE TITLE** | Rosby Corporation vs. Stoughton Trailers, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDERED: Defendant's motion for summary judgment is granted in part and denied in part. Status hearing set for 10/22/03 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 2 6 2003 date docketed | 254 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROSBY CORPORATION, )
)
Plaintiff, )
) 95 C 0511
v. )
) Judge Ronald A. Guzmán
STOUGHTON TRAILERS, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Now before this Court is Stoughton Trailers' Motion for Summary Judgment of Non-infringement of U.S. Patent No. 4, 904,017 based on a lack of side panels in "contiguous abutting relation." For the following reasons, the motion is granted in part and denied in part.

## PROCEDURAL HISTORY

On January 26, 1995, Monon Corporation filed suit against Stoughton Trailers, Inc. ("Stoughton") in the U.S. District Court for the Northern District of Illinois, Eastern Division for infringement of U.S. Patent No. 4,904,017 ("the '017 patent) for making and selling the patented trailer.[1] Stoughton counterclaimed for declaratory judgments of invalidity, noninfringement, and unenforceability due to alleged inequitable conduct before the Patent and Trademark Office ("PTO") during prosecution of the application that matured into the '017 patent.

After discovery, the district court, the Honorable James Alesia presiding, issued a memorandum opinion and order granting Stoughton a declaratory judgment of invalidity. The district court held that claims 1-4 of the '017 patent were invalid because they were subject to the

---

[1] The original plaintiff in this case was Monon, but Rosby Corp. is the current party of interest.

1

on-sale bar of 35 U.S.C. § 102(b) because Monon had sold a trailer embodying the claimed invention more than one-year prior to the priority date of the '017 patent. *Monon Corp. v. Stoughton Trailers, Inc.*, 915 F. Supp. 13, 18 (N.D. Ill. 1996). By agreement of both parties, Monon's claim of infringement and Stoughton's counterclaim of non-infringement were dismissed as moot and thus were not adjudicated.

After a bench trial, the district court denied Stoughton's counterclaim for a declaratory judgment of unenforceability for inequitable conduct. *Monon Corp. v. Stoughton Trailers, Inc.*, No. 95 C 511, 1999 WL 33510001, at *1 (N.D. Ill. Sep. 27, 1999). On September 27, 1999, the district court entered final judgments, in favor of Stoughton on its counterclaim as to invalidity and in favor of Monon on Stoughton's counterclaim as to unenforceability.

Stoughton appealed with regard to its counterclaim of unenforceability while Monon cross-appealed with regard to the summary judgment of invalidity of claims 1-4. The Court of Appeals for the Federal Circuit affirmed the district court's finding that the '017 patent claims were not unenforceable and reversed the finding of invalidity of claims 1-4 of the '017 patent. *Monon Corp. v. Stoughton Trailers, Inc.*, 239 F.3d 1253, 1264 (Fed. Cir. 2001). Specifically, it found that there was a material question of fact as to whether the sale of a trailer by Monon to Continental Corp. was a "sale" under § 102(b) or a permissible, experimental sale. *Id.*; *see Elizabeth v. American Nicholson Pavement Co.*, 97 U.S. (7 Otto) 126, 137 (1877). Accordingly, the Federal Circuit remanded the case for further proceedings. The case has since been reassigned to this Court's docket.

## BACKGROUND

Plaintiff Rosby Corp. ("Rosby") has taken the place of Monon Corp. as the plaintiff in this action. (Def.'s LR 56.1(b)(3)(B) ¶ 2.) Rosby is the current owner of the '017 patent, entitled "Trailer Construction" that issued February 27, 1990. (Def.'s LR 56.1(b)(3)(B) ¶ 5.) In the 1980's, trailers were capable of holding two rows of rectangular standard pallets only if the shorter dimension of the pallets in each row were parallel to the trailers width. The '017 patent claims a trailer with an internal width capable of holding two standard pallets with one row of pallets aligned perpendicular to the other. This alignment allows a trailer to accommodate more pallets, which increases efficiency. A more extensive description of the background of the invention may be found at *Monon Corp.*, 239 F.3d at 1255-57.

At issue in this motion is whether the accused device infringes the Claim 1 limitation of side panels in "contiguous abutting relation." Claim 1 of the '017 patent reads:

> 1. A trailer body construction comprising a floor, a roof, and a pair of sidewalls, wherein each of said sidewalls comprises a plurality of similar, generally flat rectilinear side panels of lightweight metallic material of a predetermined thickness, width and height *aligned side-by-side in contiguous abutting relation*, and a plurality of joining panels of second lightweight metallic material situated only on one surface of each sidewall for joining and strengthening respective adjacent pairs of said side panels; each said joining panel including at least a relatively flat rectilinear plate-like joining portion of a thickness of about the thickness of said side panels, of a width equal to a minor fractional portion of the width of said side panels, and of a height equal to a major fractional portion of the height of said side panels; and a plurality of fasteners for coupling said joining panels to respective adjacent pairs of said side panels to both join and strengthen said side panel.

(*'017 Patent* (emphasis added).) By a joint stipulation regarding claim construction, both parties have agreed that "aligned side-by-side in contiguous abutting relation" means the claimed side panels must be in physical contact along all or most of one side of the side panel.

3

Stoughton has admitted that the side panels on its trailers are aligned side-by-side. (Def.'s LR 56.1(b)(3)(B) ¶ 48.) Stoughton has further admitted that its trailer was designed so that there would be a 1/16 of an inch gap between the adjacent side edges of each adjacent pair of side panels. (Def.'s LR 56.1(b)(3)(B) ¶ 50.) Due to manufacturing tolerances, this gap could theoretically be reduced to a 1/64 of an inch gap in actually produced trailers. (Def.'s LR 56.1(b)(3)(B) ¶ 50.) In a light most favorable to plaintiff, due to human error or tooling, the gap may be even smaller. (Def.'s LR 56.1(b)(3)(B) ¶ 16; Ex. O, at 82-83j.) It is unclear whether there are trailers that have no gap between the side walls.

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 56(c) allows the court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In considering the evidence submitted by the parties, a court does not weigh it or determine the truth of asserted matters. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the court must assume that the evidence presented by the non-movant is credible and draw all justifiable inferences therefrom in the non-movant's favor. *Id.* at 255. Material facts are those that might affect the lawsuit under the governing substantive law. *Id.* at 248. Summary judgment is only appropriate where no reasonable jury could return a verdict for the nonmoving party. *Id.* at 255.

Stoughton has moved for summary judgment and argues that its product does not infringe the '017 patent as a matter of law. Determining patent infringement is a two-step process. *Markman*

4

*v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). The first step is to construe the claims, which is a question of law. *Id.* at 970-71. The second step is to determine if the accused product infringes the patent claims, which is a question of fact. *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 264 F.3d 1326, 1332 (Fed. Cir. 2001). Summary judgment is appropriate where it is shown that the question of infringement can be reasonably decided only in favor of the movant, keeping in mind that the burden of proving infringement rests with the patentee. *Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353-54 (Fed. Cir. 1998).

## I. Claim Construction

Here, both parties have stipulated to the meaning of previously disputed claim language. (*See Joint Stipulation Regarding Claim Construction*, Nov. 5, 2001.) In the Joint Stipulation, the parties agreed that the Claim 1 limitation "aligned side-by-side in contiguous abutting relation" means the claimed side panels must "be in physical contact along all or most of one side of the side panel." (*Id.*) It is this claim language that is the subject of the summary judgment motion currently before the Court. The Court agrees that this is a fair construction of this language, and hereby adopts it for this litigation.

## II. Infringement

The second step in an infringement analysis is to compare the claims, as construed, to the allegedly infringing product. In order to infringe, an accused product must contain, either literally or under the doctrine of equivalents, every limitation of the properly construed claim. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001).

## A. *Literal Infringement*

Defendant has moved for summary judgment as to no literal infringement. To literally infringe, the side walls of the defendant's trailer must be side-by-side in contiguous abutting relation. Defendant has not established that its actual products do not have touching side walls, but instead relies on manufacturing tolerances to establish that a gap is at all times present. It the accused product, not the manufacturing specifications that is compared to the claims in determining infringement. *See Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1052 (Fed. Cir. 2002).

Noting that the ultimate burden of proving infringement rests with plaintiff, this Court looks to the evidence provided by plaintiff to determine whether a question of material fact has been raised. Plaintiff has demonstrated that the defendants have never measured the space between side panels and have never looked to see if the side panels touch because "it was not important." (Pl.'s LR 56.1(b)(3)(B) ¶ 18; Ex. O, 57-58; Ex. N, 185.) Plaintiff has provided evidence that the space between the side walls can be 1/64 of an inch, or less in some circumstances. (Pl.'s LR 56.1(b)(3)(B) ¶ 16; Ex. O, 82-83.) The plain language of the claim requires that the side walls be touching along all or most of one side of the side panel. Plaintiff has provided evidence that side panels, which are around 9.5 feet in height, are supposedly spaced less than 1/64 of an inch. On the evidence currently before the Court, a reasonable juror could draw a reasonable and justifiable inference that in practice, due to human error, tooling, or use, trailers are in use that have side panels that are actually touching. (Def.'s LR 56.1(b)(3)(B) ¶ 16; Ex. O, at 82-83j); *see Anderson*, 477 U.S. at 255. Therefore, there exists a genuine issue as to a material fact that precludes the Court's granting of Stoughton's summary judgment motion with regard to literal non-infringement.

6

## B. Infringement Under the Doctrine of Equivalents

Infringement under the doctrine of equivalents requires that the accused product contain each claim element or its equivalent. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997). The logical first step in determining whether infringement under the doctrine of equivalents applies is to identify which claim limitations are alleged to be met by equivalents. *See Abbott Labs. v. Dey, L.P.*, 287 F.3d 1097, 1103 (Fed. Cir. 2002). Here, the claim limitation alleged to be met is "aligned side-by-side in contiguous abutting relation" which has been construed to mean, "be in physical contact along all or most of one side of the side panel."[2]

An element in the accused product is equivalent to a claim element if the differences between the two are "insubstantial" to one of ordinary skill in the art. *Warner-Jenkinson*, 520 U.S. at 39-40. One method for determining whether differences are insubstantial is to look at whether the alleged equivalent (1) performs substantially the same overall function or work, (2) in substantially the same way, (3) to obtain substantially the same overall result as the claimed invention. *Id.* at 40. While this "function, way, result" test is not the exclusive way to determine equivalency as other factors may be considered, it is sufficient for this determination. *Id.* at 39-40.

Here, defendant has admitted that there is a 1/16 of an inch gap between side panels in the accused product. (Def.'s LR 56.1(b)(3)(B) ¶ 50.) Defendant has further admitted that sometimes, due to manufacturing tolerances, the gap may shrink by 3/64 of an inch, leaving a gap of only 1/64 of an inch, or smaller. *Id.* Plaintiff has provided evidence that this gap does not impact the way that

---

[2]Normally, the legal bars outlined below are considered before determination of infringement under the doctrine of equivalents. *See Lockheed Martin Corp. v. Space Systems/Loral*, 324 F.3d 1308, 1318 (Fed. Cir. 2003). Here, because the facts currently before the Court clearly show a question of material fact if the legal bars were not to apply, this Court addressed the issue to provide a more complete record.

7

the side walls function (Pl.'s Reply Br. at 7; Pl.'s Ex. G, at 157.) At the least, Plaintiff has demonstrated a question of material fact as to whether the differences in the accused product are functionally insubstantial.

However, the doctrine of equivalents can be limited by legal bars. Here, defendant has advanced arguments that three, independent legal bars preclude application of the doctrine of equivalents to the accused device. If a legal bar exists, defendant is entitled to summary judgment as a matter of law.

### 1. The All Elements Rule

The "all elements" rule requires that an accused device "must contain every claimed element of the invention or the equivalent of every claimed element." *Kustom Signals Inc. v. Applied Concepts, Inc.*, 264 F.3d 1326, 1333 (Fed. Cir. 2001) (citing *Warner-Jenkinson*, 520 U.S. at 29). "No claimed element, or an equivalent thereof, can be absent if the doctrine of equivalents is invoked." *Id.* The all elements rule prevents a finding of infringement under the doctrine of equivalents where to do so would "entirely vitiate a particular claim element." *Bell Atlantic Network Servs., Inc. v. Covad Communications Group, Inc.*, 262 F.3d 1258, 1279-80 (Fed. Cir. 2001). It therefore serves as a limit to the doctrine of equivalents. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997). However, applying the all-limitations rule rigidly would adhere to a rule of strict literalism the doctrine of equivalents was designed to prevent. *Cf. Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki*, 122 S. Ct. 1831, 1841 (2002); *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 607-08 (1950). By definition, an accused product infringing by equivalents does not literally include at least one element of the claimed invention. *See Warner-Jenkinson*, 520 U.S. at 21; *Graver Tank*, 339 U.S. at 607-08. To rule broadly that a feature of an accused product altered to avoid literal infringement may not be an equivalent to an element

8

of the claimed invention without eliminating that claim element, would vitiate the doctrine of equivalents itself. *See Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F. 3d 1309, 1317 (Fed. Cir. 1998).

Here, the claim requires "side panels . . . aligned side-by-side in contiguous abutting relation." As originally filed, the claim only required the side panels to be "aligned side-by-side." (Def.'s LR 56.1(b)(3)(B) ¶ 16; Ex. E-1 at 19-24.) The words "in contiguous abutting relation" were added as modifiers to further describe just how the side panels are aligned side-by-side. (Def.'s LR 56.1(b)(3)(B) ¶ 32; Ex. E-9.) Defendant has argued that the term "contiguous abutting" is the claim element, and an equivalent of that element must be present in its product. Plaintiff has countered and argues that the claim element is a "relation" and that requiring a contiguous abutting relation would in effect require literal infringement.

In *Cooper Cameron Corp. v. Kvaerner Oilfield Products, Inc.*, the claim limitation at issue required a workover port to be entered "between . . . two plugs." 291 F.3d 1317, 1319 (Fed. Cir. 2002). The allegedly infringing device included a wellhead assembly entered "above" two plugs. *Id.* The Federal Circuit affirmed a grant of summary judgment, finding that the all elements rule barred application of the doctrine of equivalents. *Id.* at 1321-22. The claim language "between" simply could not be extended to apply to products that were "above," even under the doctrine of equivalents. *Id.*

Similarly, in *Moore U.S.A., Inc. v. Standard Register Co.*, the patentee claimed strips that extend a "majority of the lengths" of the longitudinal margins, but the allegedly infringing products only extended a minority of the length of the longitudinal margins. 229 F.3d 1091, 1105 (Fed. Cir. 2000). The court held that the doctrine of equivalents could not be applied to cover strips extending only a minority. *Id.* at 1106. The court held that to allow what is a minority (47.8%) to be the

equivalent of a majority would vitiate the requirement that the strips extend the majority of the lengths of the longitudinal margins. *Id.* If equivalence were allowed, the majority limitation would "hardly be necessary, since the immediately preceding requirement" already claimed longitudinal margins that included the strips. *Id.* Furthermore, application of the doctrine of equivalents would require the term majority, which is the "antithesis" of minority, to read upon a product employing a minority. *Id.*

In *Wright Medical Technology, Inc. v. Osteonics Corp.*, the patentee claimed a "rod portion adapted to closely fit in and extend through" a portion of a human femur. 122 F.3d 1440, 1442 (Fed. Cir. 1997). This claim language was interpreted to require a rod that fit tightly into and extend all the way through the femur. *Id.* at 1443. The defendant employed a rod that did not extend all the way through the femur. Accordingly, summary judgment of no literal infringement was affirmed. *Id.* at 1444. However, the Federal Circuit reversed the grant of summary judgment of no infringement under the doctrine of equivalents, and found that the claim language "extend through" could be infringed under the doctrine of equivalents by a device with a rod that clearly did not extend through the femur. *Id.* at 1446. In so holding, the Federal Circuit noted that both the claimed invention and accused device employ a rod element, and that the patentee's argument that the elements were equivalent, notwithstanding the claim language requiring a tight fit extending all the way through the femur, would not "entirely vitiate a particular claim element." *Id.* at 1445.

In *Ethicon Endo-Surgery, Inc. v. United States Surgical Corp.*, the patentee claimed, among other things, a restraining structure that contacted a barrier "during the staple firing stroke." 149 F.3d 1309, 1313 (Fed. Cir. 1998). The allegedly infringing product used a restraint that lost contact with the barrier just prior to the staple firing stroke, and thus did not literally infringe. *Id.* at 1315. The Federal Circuit reversed the lower court's finding of no infringement under the doctrine of

equivalents. *Id.* at 1320-21. The Federal Circuit recognized that only a few millimeters distinguished the length of the pusher bars claimed from the structure used defendant's device. *Id.* The court found that in light of the small difference in length and time, there was a question of fact as to whether infringement under the doctrine of equivalents existed. *Id.*

These cases demonstrate the difficulty in applying the all elements rule due to the inherent need to protect the doctrine of equivalents while simultaneously preventing the patentee from improperly expanding the scope of his claims. An argument could be made that this case is similar to *Moore U.S.A.*, 229 F.3d at 1106, and that Rosby's claim of equivalence is barred by the all elements rule. One might argue that *Moore U.S.A.* announced a blanket rule that barred application of the doctrine of equivalents where it would render a claim limitation "hardly necessary." *See id.* Applying that blanket rule here, one could say that if equivalence were allowed, the claim limitation "contiguous abutting relation" would hardly be necessary, because the immediately preceding requirement already claimed the side walls aligned side-by-side. *See id.* However, application of a blanket rule would not be appropriate, given the Federal Circuit's guidance that all infringement questions must be decided on their own facts. *Ethicon Endo-Surgery, Inc.*, 149 F.3d at 1319. Indeed, applying the *Moore U.S.A.* rationale blindly would result in a violation of the all elements rule every time a limitation further modifies an element. For example, in *Wright Medical Technology, Inc.*, the claim language "extend through" was hardly necessary, given that the rod was already adapted to "closely fit in" the femur, yet infringement under the doctrine of equivalents was not precluded as a matter of law. 122 F.3d at 1446. This court must therefore look to the facts specific to this case to determine whether allowing the doctrine of equivalence to encompass side walls that do not touch would vitiate a claim element.

11

Considering all arguments and the record, this Court finds that the all elements rule is not violated by allowing the claim language, "side panels ... *aligned side-by-side in contiguous abutting relation*" to read on non-touching side panels. Here, the facts are more analogous to those of *Wright Medical Technology*. Both the claimed invention and the accused device employ side walls that are aligned side-by-side. Rosby has introduced sufficient evidence that the difference between touching and barely not touching is, functionally, minimal. While the terms "contiguously abutting" are surely limitations for literal infringement of the '017 patent, a fair reading of the claim as a whole shows that requiring only side-by-side alignment of side walls for infringement under the doctrine of equivalents does not entirely eviscerate a particular claim element. Rather, finding the claim element here to be side walls in side-by-side alignment strikes the appropriate balance, giving the public fair notice of the patent's reach while simultaneously avoiding the strict literalism the doctrine of equivalents was designed to prevent. To require the accused product to have "contiguous abutting" side walls for infringement under the doctrine of equivalents would improperly allow the all-elements rule to swallow the doctrine of equivalents. Therefore, the all elements rule does not bar application of the doctrine of equivalents to products that do not have a contiguous abutting relation.

### 2. Dedication to Public

Defendant argues that defendant dedicated to the public side walls that are aligned side-by-side but not touching by disclosing a non-abutting relationship but not claiming it. In *Johnson & Johnston Assocs., Inc. v. R.E. Service Co.*, the court held that embodiments that were fully described in a patent, but not claimed, were considered dedicated to the public. 285 F.3d 1046, 1053 (Fed. Cir. 2002). In support of this holding, the court relied on the axiom that it is the claims, not the specification, that provide the measure of the patentee's right to exclude. *Id.* at 1052 (citing *Milcor Steel Co. v. George A. Fuller, Co.*, 316 U.S. 143, 146 (1942)). In *Johnson*, the patentee specifically

and clearly disclosed that stainless steel could be used to perform the invention. *Id.* at 1055. However, the claims only claimed the use of aluminum. *Id.* The Federal Circuit held that by disclosing but failing to claim stainless steel, Johnson had dedicated to the public the use of stainless steel. *Id.* The court's rationale was based on three principles. *Id.* at 1054-55. First, allowing coverage of subject matter deliberately left unclaimed would conflict with the primacy of the claims in defining the scope of the patentee's exclusive right. *Id.* at 1054. Second, a patentee cannot narrowly claim an invention to avoid prosecution scrutiny by the PTO and then later impermissibly broaden their claim through the doctrine of equivalents. *Id.* Third, the embodiment alleged to be dedicated must be clearly defined. *See id.*

Here, plaintiff originally tried to claim merely a side-by-side alignment. However, an examiner found that claims so directed failed to meet the requirements of 35 U.S.C. § 103. In response, Rosby amended the claim to include the requirement that the claims be "contiguous[ly] abutting." Therefore, the claims do not literally encompass mere side-by-side alignment, and so potentially the first principle of *Johnson,* allowing coverage of subject matter deliberately left unclaimed would conflict with the primacy of the claims in defining the scope of the patentee's exclusive right, could apply. To determine whether this principle applies, one must determine when to apply the principle "deliberately left unclaimed." *Id.* at 1054.

In *Johnson*, the court specifically distinguished the Supreme Court case of *Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 609 (1950). *Id.* at 1053. In *Graver*, claims 24 and 26 comprising "silicates" and "metallic silicates" were broad enough to cover "manganese silicate," but were held too broad because they encompassed inoperative embodiments. 339 U.S. at 610-12. However, more narrow claims were held infringed under the doctrine of equivalents. *Id.* The *Johnson* court interpreted the facts and holding in *Graver* to demonstrate that the patentee

had not dedicated unclaimed subject matter to the public because "[i]n fact, the patentee had claimed the equivalent subject matter, even if the Court eventually held the relevant claims too broad." 285 F.3d at 1053.

In the instant case, the patentee tried to claim the equivalent subject matter, but an examiner at the PTO eventually held the relevant claims too broad, and thus obvious. *See supra*. The instant case therefore seems more analogous to the situation in *Graver* than that in *Johnson*. *See Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1107 (Fed. Cir. 1996) (stating "by filing claims in the patent *application* that encompassed [a broader embodiment] . . . , the patentee could not be said to have dedicated such an embodiment of the invention to the public") (emphasis added).

Here, plaintiff did not narrowly claim an invention to avoid prosecution scrutiny by the PTO. Instead, as described *supra*, the patentee originally tried to obtain coverage for all side-by-side arrangements, but was limited to only those that were contiguously abutting. The fact that broader claims did not issue clearly demonstrates that there was adequate prosecution scrutiny before the PTO. Both the *Johnson* and *Maxwell* decisions rely heavily on the inability of the PTO to properly determine the patentability of unclaimed matter in determining when dedication to the public occurs. Here, there was no subjective or objective attempt to end-run around the prosecution process in order to obtain unamended claims with potentially broad equivalents.

Finally, in the instant case there was not a definite and clear dedication of a non touching alignment of the side panels. In *Johnson*, the patent specifically stated that stainless steel could be substituted for the claimed element. *Johnson*, 285 F.3d at 1048, 1054. Similarly, in *Maxwell*, the patent specifically described the embodiment adopted by the alleged infringer. *Maxwell*, 86 F.3d at 1106-07. Here, the patentee did not clearly describe an embodiment without panels that are touching. The defendant has not referenced a portion of the patent that specifically and

14

unequivocally describes the sidewalls arranged side by side with a space between them. Comparing the facts of this case to those in *Johnson* and *Maxwell*, it is clear the patentee did not dedicate the use of non-touching side walls to the public.

### 3. Prosecution History Estoppel

Prosecution history estoppel serves to limit the range of equivalents available for a certain claim limitation. "Prosecution history estoppel . . . preclud[es] a patentee from regaining, through litigation, coverage of subject matter relinquished during prosecution of the application for the patent." *Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1577-78 (Fed. Cir. 1997). In a recent decision, the Supreme Court stated:

> When . . . the patentee originally claimed the subject matter alleged to infringe but then narrowed the claim in response to a rejection, he may not argue that the surrendered territory comprised unforeseen subject matter that should be deemed equivalent to the literal claims of the issued patent. On the contrary, by the amendment [the patentee] recognized and emphasized the difference between the two phrases[,] . . . and [t]he difference which [the patentee] thus disclaimed must be regarded as material . . . . [and] *his decision to submit an amended claim is taken as a concession that the invention as patented does not reach as far as the original claim.*

*Festo Corp.*, 122 S. Ct. at 1838 (emphasis added) (internal quotation and citation omitted). Here, what was eventually numbered Claim 1 was originally filed with the limitation that the side panels be aligned "side-by-side." (Def.'s LR 56.1(b)(3)(B) ¶ 16; Ex. E-1 at 19-24.)[3] Thereafter, on February 7, 1986, by way of a preliminary amendment, the applicant amended the relevant limitation to require the side walls to be aligned "side-by-side *in abutting relation*." (Def.'s LR 56.1(b)(3)(B) ¶¶ 20, 21; Ex. E-5 (emphasis added).) In an Office Action, the examiner rejected the claim, which included the aforementioned amendment, for obviousness under 35 U.S.C. § 103. (Def.'s LR 56.1(b)(3)(B) ¶¶ 27, 28; Ex. E-7.) In response to that rejection, the applicant amended the relevant

---

[3] What was filed as independent claim 19 was eventually issued as claim 1 in the '017 patent.

limitation to require the side walls to be aligned "side-by-side in *contiguous* abutting relation." (Def.'s LR 56.1(b)(3)(B) ¶ 32; Ex. E-9.)

Plaintiff has strenuously argued that the term "abutting" means "touching." (Pl's. Resp. at 17-20.) The Court has accepted this construction. *See supra* (holding claim term to require physical contact, a synonym of touching). Therefore, after the preliminary amendment, the plain language of the claim required the side panels to be touching. Plaintiff, in response to an Examiner's rejection, later amended the claim to require "<u>contiguous</u> abutting relation." The term contiguous, according to the applicant, means "in physical contact; touching along all or most of one side." (Def.'s LR 56.1(b)(3)(B) ¶ 33, Ex. E-9.) The issued claim therefore required the side panels to be touching along all or most of one side. Applying these definitions, during prosecution, the applicant narrowed his claims from requiring only "touching" to requiring touching "touching along all or most of one side."

Where an amendment has been made, the doctrine of equivalents at times allows a patentee to extend his patent's coverage beyond the literal terms of the patent. *See Festo Corp.*, 122 S. Ct. 1831. However, an amended claim cannot reach as far as or beyond the original claim. *Id.* at 1838 For example, assume an original filed claim has a limitation of a range from 1-20. After an amendment, the limitation is limited to cover 1-10. Under the doctrine of equivalents, the patentee may be able to cover some material between 10 and 20. However, the doctrine of equivalents could not extend the patent to cover a product with a 21. The applicant clearly forfeited all coverage beyond 20 because his "decision to submit an amended claim is taken as a concession that the invention as patented does not reach as far as the original claim." *Id.* at 1838.

In a logical extension of this rule, a "decision to submit a [twice] amended claim is taken as a concession that the invention as patented does not reach as far as the [once amended] claim." *See*

16

*id.* For example, assume the original claim covered 1-20. After an amendment, the claim covers 1-10. The claim is still held unpatentable, so the claim is amended again to only cover 1-5. After this second amendment, the doctrine of equivalents could potentially cover the range of 5-10, but could not be extended beyond 10 as that has already been forfeited by the earlier amendment.

In the instant case, the original claim covered "side-by-side." It was amended to cover "side-by-side in abutting relation," thus forfeiting any range beyond side-by-side. It was amended again to cover "side-by-side in contiguous abutting relation," thus forfeiting all range beyond side-by-side in abutting relation. At most, the doctrine of equivalents could extend patent coverage for the difference between "abutting" (touching) and "contiguous abutting" (touching along all or most of one side). The doctrine of equivalents cannot extend the patent's reach to cover a product that does not have the side panels touching. Therefore, summary judgment is granted in Stoughton's favor with regard to trailers produced by Stoughton that have side panels that do not actually touch. However, as discussed above, there exists a genuine issue as to a material fact with regard to whether Stoughton's trailers' side walls actually touch.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Stoughton's summary judgment motion. The Court denies Stoughton's motion for summary judgment as to no literal infringement because there exists a genuine issue as to a material fact with regard to whether defendant's trailers' side walls actually touch. The Court grants the motion in part to the extent that there can be no infringement under the doctrine of equivalents as a matter of law if the trier of fact finds the accused products do not have side walls that actually touch.

**SO ORDERED**                                    **ENTERED:** 9/24/03

HON. RONALD A. GUZMAN
**United States Judge**