# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 C 511 | **DATE** | 6/25/2004 |
| **CASE TITLE** | ROSBY CORPORATION vs. STOUGHTON TRAILERS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court denies Stoughton's motion for a determination that Rosby has waived its right to a trial on literal infringement [ doc. No. 258-1] and for judgment as a matter of law as to no literal infringement [doc. no. 258-2]

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | 263 |
| | Notified counsel by telephone. | JUN 2 8 2004 date docketed | |
| ✓ | Docketing to mail notices. | JXM docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| CG | courtroom deputy's initials | 2004 JUN 25 PM 4:00 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSBY CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| | ) 95 C 511 |
| v. | ) ) Judge Ronald A. Guzmán |
| STOUGHTON TRAILERS, INC., | ) ) |
| Defendant. | ) |

DOCKETED
JUN 2 8 2004

## MEMORANDUM OPINION AND ORDER

Defendant Stoughton Trailers, Inc. ("Stoughton") has moved for a determination that plaintiff Rosby Corp. has waived its right to a trial on literal infringement or, in the alternative, for a judgment of no literal infringement as a matter of law. For the reasons below, the Court denies Stoughton's motions.

## FACTS

The facts of this case have been discussed in full in *Rosby Corp. v. Stoughton Trailers, Inc.*, No. 95 C 511, 2003 WL 22232802, at *1-2 (N.D. Ill. Sept. 26, 2003). Therefore, the Court need not rehash them here.

On October 16, 2002, Stoughton moved for summary judgment based on non-infringement. The Court denied Stoughton's motion for summary judgment as to no literal infringement because it held there existed a genuine issue as to a material fact with regard to whether its trailers' side walls actually touch. *Id.* at *3. The Court granted the motion in part to the extent that there could be no infringement under the doctrine of equivalents as a matter of law if the trier of fact were to find that the accused products do not have side walls that actually

1

touch. *Id.* at *10. The Court denied the motion in part, given the question of fact as to whether the accused products have side walls that actually touch. *Id.*

During the course of this litigation, four Final Pretrial Orders were filed on: January 23, 1996, prior to Judge Alesia's ruling ("Pretrial Order I"); February 4, 1999, for the inequitable conduct hearing ("Pretrial Order II"); October 16, 2002, filed together with Stoughton's motion for summary judgment of non-infringement ("Pretrial Order III"); December 8, 2003, prior to the current summary judgment motion ("Pretrial Order IV"). In Pretrial Order I, the agreed statement of contested issues of fact and law included both literal infringement and infringement under the doctrine of equivalents. Pretrial Order II did not include these issues, focusing instead on inequitable conduct. Pretrial Order III did not specifically include literal infringement. The current, contested Pretrial Order IV includes both literal infringement and infringement under the doctrine of equivalents. At no point has there been a judgment on the merits of either of these claims.

## DISCUSSION

Stoughton presents two matters for the Court's attention. First, it argues that Rosby has waived its right to trial on the subject of literal infringement. Second, it argues that as a matter of law, no literal infringement occurred, as a result it is entitled to summary judgment on all claims against it. Each of these arguments will be addressed in turn.

## I. Waiver

Stoughton argues that Rosby's failure to include literal infringement in Pretrial Order III and failure to brief substantively on the subject at that time amounts to waiver of the subject

2

matter introduced in Pretrial Order I. (Mot. Determination Rosby Waived Literal Infringement at 1-3.) It argues that it would now be improper and unfair to allow Rosby to include literal infringement in Pretrial Order IV. (*Id.* at 8.)

Federal Rule of Civil Procedure ("Rule") 16(e) states that a pretrial order serves to narrow the scope of trial and prevent surprise and control "the subsequent course of the action," unless there is a modification. *Gorby v. Schneider Tank Lines, Inc.*, 741 F.2d 1015, 1022 (7th Cir. 1984). Stoughton's argument must be considered within the procedural framework created by the Federal Rules of Civil Procedure and, in particular, those principles and policies underlying Rule 16, which governs pretrial orders. The pretrial conference and order are a vital part of the procedural scheme created by the Federal Rules of Civil Procedure. "Because the parties rely on the pre-trial conference to inform them precisely what is in controversy, the pre-trial order is treated as superseding the pleadings and establishes the issues to be considered at trial." *Erff v. MarkHon Indus., Inc.*, 781 F.2d 613, 617 (7th Cir. 1986). This strict standard is necessary to ensure that the pretrial order serves its purpose of "promoting efficiency and conserving judicial resources by identifying the real issues prior to trial." *See* Fed. R. Civ. P. 16, advisory committee's notes to subdivisions c & e. When a court is confronted with an effort to modify a pretrial order, it must weigh possible hardships imposed on the respective parties by allowing or refusing to allow the order to be modified. *Gorlikowski v. Tolbert*, 52 F.3d 1439, 1444 (7th Cir. 1995). It must "balance the need for doing justice on the merits between the parties (in spite of the errors and oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements." *In re Delagrange,* 820 F.2d 229, 232 (7th Cir. 1987).

The following four factors in determining whether to permit a party to modify a pretrial order:

> (1) the prejudice or surprise to the opposing party; (2) the ability of the opposing party to cure the prejudice; (3) the extent to which allowing the amendment of the pretrial order would disrupt the orderly and efficient trial of the case; and (4) any bad faith in the moving party failing to adhere to its pretrial representation.

*Smith v. Rowe*, 761 F.2d 360, 365 (7th Cir. 1985). Upon consideration of the above factors and the history of this case, the Court finds that including literal infringement in the fourth Pretrial Order will not work a manifest injustice on Stoughton.

This case presents the Court with an interesting situation. Usually, only one pretrial order is at issue. In the present case there are four over the course of nearly ten years. During that time, various courts have winnowed out the defenses raised by Stoughton, leaving only the allegations of infringement originally raised by the plaintiff. This Court has previously ruled that issues of fact remain with regard to literal infringement. After Pretrial Order III was filed, Stoughton immediately filed a series of summary judgment motions, one of which was directed to literal infringement. It was denied. *Rosby*, 2003 WL 2232802, at *3. Given this, Stoughton can neither assert that it is now surprised by the inclusion of literal infringement in Pretrial Order IV nor claim prejudice. The original discovery orders included literal infringement. Subsequent design changes by Stoughton have led to further exchanges of documents by the parties. The inclusion of literal infringement in Pretrial Order IV will not disrupt a final hearing on the merits of this case. Additionally, Rosby's professions of inadvertence related to its failure to include literal infringement in Pretrial Order III are sufficient in this case to hold it did not act in bad faith in omitting literal infringement from Pretrial Order III. Therefore, the Court denies Stoughton's motion that Rosby waived its right to trial on literal infringement.

## II. Literal Infringement

Stoughton alternately argues that Rosby has failed to allege adequately literal infringement, and thus as a matter of law it has failed to properly assert its claim. It urges that this Court's previous opinion was in error.

Motions to reconsider do not exist in order to allow parties to "rehash" the same arguments. *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). A Rule 54(b) motion for reconsideration is appropriate only when:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotations omitted).

Despite what Stoughton appears to think, "this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure. Motions such as this reflect a fundamental misunderstanding of the limited appropriateness of motions for reconsideration." *Alloy Casting*, 123 F.R.D. at 288. Stoughton has provided no good reason to alter the Court's holdings. As this Court noted previously, Rosby has provided sufficient evidence to raise a question of fact as to both literal infringement and infringement by the doctrine of equivalents. *Rosby*, 2003 WL 2232802, at *3, 10. Accordingly, the Court denies Stoughton's motion in the alternative for judgment as a matter of law as to no literal infringement.

## CONCLUSION

For the reasons set forth above, the Court denies Stoughton's motion for a determination that Rosby has waived its right to a trial on literal infringement [doc. no. 258-1] and for judgment as a matter of law as to no literal infringement [doc. no. 258-2].

**SO ORDERED**  ENTERED: 6/25/04

HON. RONALD A. GUZMAN
**United States Judge**